UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CURTIS KORZAN and LORIE KORZAN,<br><br>　　　　　　　Defendants. | CIV. 15-4124-KES<br><br>ORDER GRANTING MOTION TO AMEND DEFENDANTS' ANSWER AND COUNTERCLAIMS AND DENYING DEFENDANTS' PARTIAL JUDGMENT ON THE PLEADINGS |

Defendants, Curtis Korzan and Lorie Korzan, seek to amend their answer and counterclaims to include affirmative defenses and also move for partial judgment on the pleadings. Plaintiff, Nationwide Mutual Insurance Company, resists the motions. For the following reasons, the court grants defendants' motion to amend their answer and counterclaims and denies defendants' motion for partial judgment on the pleadings.

## FACTS

The facts as alleged in the pleadings, taken in favor of plaintiff, are as follows:

Defendants own Grand Slam Hunts, LLC, a hunting lodge, located in rural Kimball, South Dakota. In 2014, defendants purchased additional property near the lodge that included an outbuilding and a dwelling. Defendants obtained a Nationwide farm insurance policy on the new property. On March 24, 2015, a fire destroyed the outbuilding valued at $250,000. On March 27, 2014, a second fire destroyed the dwelling and its contents. Both the

1

defendants and Nationwide agree that the dwelling was valued at $394,586, but disagree as to the value of the contents. Nationwide states that the contents were valued at $5,170 while defendants assert the contents were worth significantly more.

Nationwide investigated the second fire and found that the dwelling had not been occupied for at least 120 consecutive days before the fire. The policy included an unoccupancy and vacancy provision:

> If a dwelling is 'vacant' or 'unoccupied' beyond a period of 120 consecutive days, we will reduce the amount we would otherwise pay for damage to the dwelling and its contents by 50%, unless we extend the period of 'vacancy' or 'unoccupancy' by endorsement made a part of this Coverage Form.

Docket 1-1 at 38 (Farm Property Coverage Form). The policy defined "unoccupied" as "a 'dwelling' (except while being constructed) not being lived in." *Id.* at 41. Per the unoccupancy provision, Nationwide paid a total of $199,878, which was 50% of the $394,586 for the dwelling plus 50% of the $5,170 in contents coverage.

Defendants subsequently filed a complaint with the South Dakota Department of Labor and Regulation Division of Insurance (DOI). In the DOI complaint, defendants alleged that Nationwide was required to pay the full amount for the dwelling and its contents under SDCL 58-10-10.[1] Defendants

---

[1] SDCL 58-10-10 states
> whenever any policy of insurance is written or renewed to insure any real property in this state . . . the amount of insurance written in the policy shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages . . . .

claim that the DOI found in their favor. Defendants also assert, however, that the DOI shared its decision solely with Nationwide.

On July 16, 2015, Nationwide filed a complaint with this court asking for a declaratory judgment on whether the unoccupancy provision is valid under South Dakota law. Docket 1. On September 14, 2015, defendants filed an answer and counterclaims. Docket 7. Defendants did not, however, plead the affirmative defenses of res judicata or failure to exhaust administrative remedies. *See Id.* On October 28, 2015, the scheduling order set the deadline for prediscovery disclosures as November 17, 2015, the deadline for motions to amend the pleadings as February 2, 2016, and all discovery to be commenced by April 4, 2016. Docket 13.

On March 4, 2016, defendants moved for partial judgment on the pleadings. Docket 14. On March 30, 2016, defendants moved to amend the answer and counterclaims to include the affirmative defenses of res judicata and failure to exhaust administrative remedies.[2] Docket 18.

I. **Defendants' Motion to Amend Their Answer and Counterclaims**

   A. **Legal Standard**

Fed. R. Civ. P. 8(c) requires a defendant to plead affirmative defenses in its answer otherwise, "[g]enerally, [the] failure to plead an affirmative defense

---

[2] As an initial matter, Nationwide and defendants disagree as to whether failure to exhaust administrative remedies is an affirmative defense. Docket 23 at 3. Previously, however, this court treated failure to exhaust administrative remedies as an affirmative defense. *See Bishop v. Pennington Cty.*, No. CIV. 06-5066-KES, 2007 WL 2979869, at *1 (D.S.D. Oct. 11, 2007).

results in a waiver of that defense." *First Union Nat'l Bank v. Pictet Overseas Trust Corp.,* 477 F.3d 616, 622 (8th Cir. 2007). A "technical failure to comply with Rule 8(c) is not fatal[,]" however, if it is done "in a manner that does not result in unfair surprise." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *First Union Nat'l Bank*, 477 F.3d at 622) (citations omitted)). The Eighth Circuit has "recognized that Rule 8(c) is not an absolute bar to a party's belated attempt to plead an affirmative defense . . . ." *Id.*

Additionally, defendants' motion to amend "implicated both Rule 15(a) and Rule 16(b)." *Id.* "Rule 15(a) governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule—'a party may amend its pleading only with the opposing party's written consent or the court's leave.' " *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (citations omitted)).

Rule 16(b), on the other hand, requires that scheduling orders "be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). The Eighth Circuit has ruled that "in cases in which the deadline to amend pleadings has past," then "the primacy of Rule 16(b) over Rule 15(a)" establishes that the "good cause" standard applies. *Sherman,*

532 F.3d at 715-16 (citing *Fin. Holding Corp. v. Garnac Grain Co.,* 127 F.R.D. 165, 165–66 (W.D. Mo.1989)).

    **B.**    **Discussion**

        **1.**    **Good Cause**

The principal measurement of good cause is "the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). In *Sherman*, the Eighth Circuit found the defendant failed to establish good cause to amend its answer to include an affirmative defense for a number of reasons: (1) the motion to amend was filed over seventeen months after the scheduling deadline for amending pleadings; (2) defendant admitted awareness of the defense eight months prior to moving for the amendment; (3) defendant did not apply the defense until the summary judgment stage; and (4) "no change in the law, no newly discovered facts, or any other circumstance made the [affirmative] defense more viable after the scheduling deadline for amending pleadings." *Sherman*, 532 F.3d at 717-18.

In *Barstad v. Murray County*, the court ruled the plaintiffs did not have good cause to amend the complaint when they were almost two months past the deadline, but had known about the claim they sought to add for twenty-one months. *Barstad v. Murray Cty.*, 420 F.3d 880, 883 (8th Cir. 2005). In *Hartis v. Chicago Title Insurance Co.*, the court found the plaintiffs were not diligent when they waited to amend their complaint until two years after the scheduling order deadline. The court found their actions to be a deliberate, tactical

decision that was made to avoid the possibility of the court denying class certification. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948-89 (8th Cir. 2012).

Here, defendants assert there is good cause to amend the answer to include the affirmative defenses of res judicata and failure to exhaust administrative remedies because defendants were not made aware of the DOI decision until November 2015.[3] Defendants still waited, however, to amend their answer until March 30, 2015—nearly four months after receiving the DOI decision and almost two months after the deadline passed for amending the pleadings.

Although the defendants were somewhat dilatory, their delay fails to compare to situations where courts have not found good cause. In *Sherman*, the motion to amend came eight months after the defendant was aware of the defense, and seventeen months after the deadline. *Sherman*, 532 F.3d at 717-18. In *Barstad*, plaintiffs were aware of the claim for twenty-one months before they moved to amend the complaint two months past the deadline. *Barstad*, 420 F.3d at 883. In *Lillibridge v. Nautilus Insurance Co.*, this court denied defendant's motion to amend its answer and withdraw a defense when it was made twelve months after the scheduling order deadline. *Lillibridge v. Nautilus Ins. Co.*, No. 10-4105-KES, 2013 WL 870439, at *6 (D.S.D. March 7, 2013). In

---

[3] The Korzans were pro se in regards to their DOI complaint and, because of that, assert that "[n]either the Division nor Nationwide copied the Korzans on correspondence between the Division and Nationwide." Docket 20 at 3-4. Nationwide provided this correspondence to defendants in November 2015 as part of its initial disclosures. Docket 22 at 3. Defendants assert they became cognizant of the importance of the DOI's decision that SDCL 58-10-10 voided the unoccupancy provision when defendants reviewed the initial disclosure information in "late February and early March of 2016." Docket 23 at 2.

6

*Pucket v. Hot Springs School District No. 23-2*, this court refused defendant's motion to amend its pleadings when the motion was not made until "over three years past the court's deadline." *Pucket v. Hot Springs Sch. Dist. No. 23-2*, 239 F.R.D. 572, 589-90 (D.S.D. 2006). In this case, defendants' delay was relatively brief.

Additionally, there is no evidence that defendants deliberately delayed making the motion to amend or chose to delay as a tactical matter as the plaintiffs did in *Hartis*. *Hartis*, 694 F.3d at 948-49. Also, defendants have not missed any other scheduling order deadlines. Thus, the court finds the defendants were diligent "in attempting to meet the order's requirements." *See Hawkins*, 464 F.3d at 822.

    **2.**    **Undue Prejudice**

A secondary measure of good cause is "prejudice to the nonmovant resulting from modification of the scheduling order." *Sherman*, 532 F.3d at 717 (holding undue prejudice should only be explored if the movant has been found diligent). "The burden of proving prejudice lies with the party opposing the motion." *Lillibridge*, 2013 WL 870439, at *6 (citing *Roberson v. Hayti Police Dep't,* 241 F.3d 992, 995 (8th Cir.2001)). Plaintiffs do not cite any reason why the amendment would prejudice them through further delay or additional discovery. Docket 22.

In *Pucket,* the court found that allowing defendants to raise third-party complaints three years after the pleadings deadline passed, after "[d]iscovery is closed and the motions deadline has passed," while "[t]here are three pending

motions for summary judgment," and when "third-party defendants would want to engage in [further] discovery" would further delay the case and "prejudice plaintiffs." *Pucket*, 239 F.R.D. at 590. In this case, defendants moved to amend their answer prior to the discovery deadline of April 4, 2016. Docket 18; Docket 13 at ¶ 3. Furthermore, defendants moved to amend their answer prior to the dispositive motions deadline of May 3, 2016. Docket 13 at ¶ 8. Because defendants' amendment would not further delay the case, they have not prejudiced the plaintiffs. Thus, the motion to amend the answer and counterclaims is granted.

## II.     Defendants' Motion for Judgment on the Pleadings

### A.     Legal Standard

"When reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the court applies the same standard as that on a motion to dismiss under Rule 12(b)(6)." *Day v. Minnehaha Cty.*, No. 14-4037-KES, 2015 WL 926147, at *1 (D.S.D. March 4, 2015) (citing *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990)). "Judgment on the pleadings is appropriate when there are no material facts to resolve and the moving party is entitled to judgment as a matter of law." *Mills v. City of Grand Forks,* 614 F.3d 495, 497–98 (8th Cir.2010) (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir.2002)). "The facts pleaded by the non-moving party must be accepted as true and all reasonable inferences from the pleadings should be taken in favor of the non-moving party." *Id.* The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits

attached to the pleadings, and matters of public record. *Id.* (citing *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999)).

### B. Discussion

#### 1. Res Judicata

Defendants argue that the DOI has issued a final rule in their favor and that SDCL 58-10-10 bars Nationwide's unoccupancy provision. "Federal courts must give the findings of a state agency the same preclusive effect that those findings would be entitled to in that state's court, provided that the agency was acting in a judicial capacity, the questions litigated were properly before the agency judge, and the parties had an adequate opportunity to litigate the issues." *Schlimgen v. City of Rapid City*, 83 F. Supp. 2d 1061, 1068 (D.S.D. 2000) (citing *Univ. of Tenn. v. Elliott,* 478 U.S. 788 (1986) (citations omitted)). If the DOI issued a final agency decision, then the doctrine of res judicata bars Nationwide from bringing their complaint to federal court. South Dakota law requires that four elements be met for res judicata to bar a claim:

> (1) a final judgment on the merits in an earlier action; (2) the question decided in the former action is the same as the one decided in the present action; (3) the parties are the same; and (4) there was a full and fair opportunity to litigate the issues in the prior proceeding.

*Farmer v. S.D. Dep't. of Revenue and Regulation*, 781 N.W.2d 655, 659 (S.D. 2010) (citing *People ex rel. L.S.*, 721 N.W.2d 83, 89-90 (S.D. 2006) (citations omitted)).

A "final decision on the merits" must be made pursuant to SDCL

1-26-25, which states that "a final decision . . . . [S]hall include findings of fact and conclusions of law [and] . . . . Parties shall be notified either personally or by mail of any decision or order." Defendants allege that the DOI issued a final decision in their favor, but only sent the decision to Nationwide. The DOI, however, was required by SDCL 1-26-25 to also notify defendants of the judgment. Thus, the decision of the DOI was not a "final" judgment on the issue and the first element is not met.

The fourth element requiring a "full and fair opportunity to litigate the issues" is also not met. In *Schlimgen*, this court noted that the presence of an administrative law judge, representation by counsel for both parties, exchange of written discovery, taking of depositions, presentation of witnesses under oath with an opportunity to cross examine during a hearing, and presentation of evidence during a hearing constituted a full and fair opportunity to litigate. *See Schlimgen*, 83 F. Supp. 2d at 1068. Because none of these factors is present in the current situation, there was no full and fair opportunity to litigate the issue. Thus, the first and fourth elements are not present and the defendants' res judicata claim fails.

### 2. Failure to Exhaust Administrative Remedies

Defendants argue that, alternatively, Nationwide's claim is barred because of its failure to exhaust administrative remedies. Nationwide responded to the DOI's requests, defendants argue, and so Nationwide accepted the jurisdiction of the DOI. Furthermore, defendants allege that

Nationwide needed to see the entire administrative process through before bringing a claim to federal court.

"It is a settled rule of judicial administration that 'no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Robinson v. Human Relations Comm'n of City of Sioux Falls*, 416 N.W.2d 864, 866 (S.D. 1987) (quoting *Zar v. S.D. Bd. of Exam'rs of Psychologists*, 376 N.W.2d 54, 56 (S.D. 1985) (citations omitted)). There is, however, "no failure to exhaust administrative remedies . . . where a party is not mandated or required to proceed administratively." *Matter of Petree*, 520 N.W.2d 610, 611 (S.D. 1994) (citing *Sioux Valley Hosp. Ass'n v. Bryan*, 399 N.W.2d 352 (S.D. 1987)). The Administrative Procedures Act states that

> A person who has exhausted all administrative remedies available within any agency or a party who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.

SDCL 1-26-30.

No final decision was made by the DOI regarding the unoccupancy provision's applicability under SDCL 58-10-10 or Nationwide's possible violation of SDCL 58-33-67. In their briefs, both Nationwide and defendants agree that the DOI has closed the complaint. South Dakota has ruled that "exhaustion is not required where the agency fails to act." *Jansen v. Lemmon Fed. Credit Union,* 562 N.W.2d 122, 124 (S.D. 1997) (citing *Weltz v. Bd. of Educ. of Scotland Sch. Dist. No. 4-3 of Bon Homme Cty.*, 329 N.W.2d 131, 134 n.1 (S.D. 1983). Because the DOI closed the complaint instead of addressing

Nationwide's response to the DOI's preliminary decision, the DOI failed to act. Thus, administrative exhaustion is not required.

## CONCLUSION

Defendants' motion to amend the pleadings that was made after the scheduling order deadline had passed was made with good cause and does not submit Nationwide to undue prejudice. The DOI, however, did not issue a final decision on the issue and subsequently failed to act. Thus, the claim is not barred by res judicata or failure to exhaust administrative remedies.

Thus, it is ORDERED that defendants' motion to amend their answer and counterclaims (Docket 18) is granted.

IT IS FURTHER ORDERED that defendants' motion for partial judgment on the pleadings is (Docket 14) is denied.

Dated August 4, 2016.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE